

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2010

# Willie Ford v. SEPTA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2975

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Willie Ford v. SEPTA" (2010). *2010 Decisions*. Paper 1627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2975
_____

WILLIE FORD,
                                        Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
("SEPTA")
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-02018)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2010

Before: MCKEE, FUENTES and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 26, 2010 )

_____

OPINION
_____

PER CURIAM

Willie Ford appeals pro se from the District Court's order granting defendant's

motion to dismiss.  For the reasons that follow, we will affirm.

In April 2008, Ford filed a pro se complaint under 42 U.S.C. § 1981 against his employer SEPTA for race discrimination. Specifically, Ford alleges that on September 12, 2005, SEPTA wrongfully fired him for taking a break when similarly situated White employees were permitted to take a break without being disciplined.

SEPTA filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging that there is no private right of action under § 1981 for violations by a state actor. The District Court granted the motion to dismiss by relying on McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009), which provides that 42 U.S.C. § 1983 is the sole remedy for civil rights violations by state actors. The court also denied Ford the opportunity to amend his pleading to include a § 1983 claim because the additional claim would be time-barred under § 1983's two-year statute of limitations.

Ford timely appealed. We have appellate jurisdiction to review the judgment and our review is plenary. See 28 U.S.C. § 1291; Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3d Cir. 2007). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Dismissal of a case without leave to amend is proper when amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002).

No private right of action lies against a state actor under § 1981. McGovern, 554

2

F.3d at 121; see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731, 733 (1989) (§ 1981 does not itself provide a remedy against state actors). The exclusive remedy for relief from a state agency for civil rights violations, including race discrimination, is § 1983. McGovern, 554 F.3d at 121. We have previously found that SEPTA is a state actor. See e.g., Dykes v. Se. Pa. Trans. Auth., 68 F.3d 1564 (3d Cir. 1995). Accordingly, both McGovern and Jett compel us to conclude that Ford's complaint is without any viable legal basis. Although Ford also argues that McGovern was not decided at the time he filed his complaint, Jett has stood for the same principle since 1989. Therefore, the District Court's dismissal was proper as Ford cannot state a claim of relief under § 1981 against SEPTA.

Furthermore, Ford's claim arose on the date of his termination: September 12, 2005. Thus, any amendment to his complaint would have been futile, as Ford filed his suit in April 2008, and any additional claims would be time-barred under § 1983's two-year statute of limitations. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). We note that Ford argues to this Court that his claim did not arise until July 2006, when his case was denied after arbitration. Even if we could consider this argument, which he raised for the first time on appeal, it is without merit. Ford knew of his injury – his termination – in September 2005, which is when the statute of limitations began to run. See id. (citing Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)). Accordingly, we will affirm the District Court's dismissal.

3